IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-10167-smr |
| DEBBIE OUTLAW PROPERTIES, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**MOTION OF COMMERCIAL NATIONAL BANK
OF BRADY FOR RELIEF FROM THE AUTOMATIC
STAY AND REQUEST FOR ADEQUATE PROTECTION**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 903 SAN JACINTO BLVD., SUITE 322, AUSTIN, TX 78701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Commercial National Bank of Brady ("CNB"), a creditor and party-in-interest herein, and files this *Motion for Relief from the Automatic Stay and Request for Adequate Protection* (the "Motion"), respectfully stating as follows:

## I. RELIEF REQUESTED

1. By this Motion, CNB hereby moves this Court for relief from the automatic stay to exercise any and all rights it may have with respect to the Collateral (as defined below) under its loan documents pursuant to 11 U.S.C. § 362(d)(1) and (2). Alternatively, CNB requests adequate protection, as embodied in and effectuated by the *Order Granting Motion of Commercial National Bank of Brady for Relief from the Automatic Stay and Request for Adequate Protection* submitted herewith and attached hereto as **Exhibit A** (the "Proposed Order").

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, and this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

3. On February 5, 2025 (the "Petition Date"), Debbie Outlaw Properties, LLC (the "Debtor"), filed a voluntary petition commencing a bankruptcy case (the "Bankruptcy Case") under chapter 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor, owns a 66 bed 66 bath student housing complex, located at 3000 Duval Street, Austin, Texas 78705 (the "Duval Property"). *See* Dkt. 16 Schedule A/B. Prior to the Petition Date, on May 19, 2022, the Debtor executed a promissory note (as amended or modified, the "Duval Promissory Note") in the original principal amount of $7.1 million payable to CNB as

part of a Loan Agreement dated May 19, 2022 between the Debtor and CNB (the "Duval Loan Agreement") and a Construction Loan Agreement dated May 19, 2022 between the Debtor and CNB (as amended or modified, the "Duval Construction Loan Agreement").[1]

5.  In connection with the Duval Promissory Note, the Debtor executed a Deed of Trust, Security Agreement and Financing Statement (the "Duval Collateral Agreement") dated May 19, 2022, and an Assignment of Leases and Rents dated May 19, 2022 (the "Duval Assignment," and collectively with the Duval Promissory Note, the Duval Loan Agreement, the Duval Construction Loan Agreement, and the Duval Collateral Agreement, the "Duval Loan Documents") encumbering the Duval Property.[2] Pursuant to the applicable provisions of the Duval Loan Documents, CNB possesses valid, enforceable, first-priority liens and security interests in the Debtor's assets, including, but not limited to: the Duval Property, its fixtures and improvements, all rents, revenues, and other income of the Duval Property or its improvements, whether acquired now or in the future (the "Duval Collateral").

6.  The Debtor and CNB entered into the Duval Loan Documents to fund the Debtor's new construction project on the Duval Property adjacent to the student housing complex. *See* Exh. C. On or about April 25, 2022, the Debtor hired MDG Construction LLC ("MDG") to act as the Debtor's general contractor on a construction project at the Duval Property. *See MDG Construction, LLC v. Debbie Outlaw Properties, LLC*, Case No. 01-23-0003-3016 (Am. Arb. Ass'n, Dec. 13, 2024) (attached hereto as **Exhibit G**). However, on July 7, 2023, MDG filed a demand for arbitration alleging claims against the Debtor such as breach of contract, termination

---

[1] A copy of the Promissory Note, the Loan Agreement, and the Construction Loan Agreement are attached hereto as **Exhibit B**, **Exhibit C**, and **Exhibit D**, respectively.

[2] A copy of the Collateral Agreement and the Assignment are attached hereto as **Exhibit E** and **Exhibit F**, respectively.

MOTION OF COMMERCIAL NATIONAL BANK OF BRADY FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION – PAGE 3

for convenience, and violations of the Texas Prompt Payment Act. *Id.* ¶ 1. On December 13, 2024, the arbitrator found that the Debtor had impeded and delayed MDG's work by seeking to have MDG's president and foremen cited for trespass and excluding MDG from the jobsite with the assistance of the Austin Police Department. *Id.* ¶ 15. Further, the Arbitrator found that prior to such interference from the Debtor, MDG had timely performed its contracted work in a good and workmanlike manner, and therefore the contract had been terminated for the Debtor's convenience, relieving MDG from any surviving or ongoing contractual obligations, and awarding MDG over $1 million for the sum of the unpaid contract balance, termination fee, statutory interest, and attorney's fees. *Id.* ¶ 13, 22-27.

7. Separately, on March 27, 2024, the builder's risk insurance for the Duval Property was canceled due to the Debtor's failure to pay the insurance premium, violating the terms of the Duval Loan Documents. *See* Exh. E ¶ 4. The Debtor was clearly aware of the Debtor's obligation to secure insurance, as on May 19, 2024, after the cancelation of the builder's risk insurance, the Debtor executed that certain Agreement to Provide Insurance (attached hereto as **Exhibit H**) in connection with the construction period extension. However, the Debtor failed to provide any verification of insurance on the Duval Property until March 12, 2025. *See Declaration of Tim Cardinal in Support of the Motion of Commercial National Bank of Brady for Relief from the Automatic Stay and Request for Adequate Protection* (hereinafter, "Cardinal Decl.") filed herewith as **Exhibit I**, ¶ 6. In the interim, CNB was forced to have forced-place coverage added to protect CNB's interest in the Duval Property. *See* Cardinal Decl, ¶ 7.

8. On September 18, 2024, the Debtor and CNB entered into a separate loan agreement, the Notice of Final Agreement dated September 18, 2024 (the "Blanco Final Agreement"), designating the Debtor as the borrower, CNB as the lender, and Debbie Outlaw

Properties, LLC – 1011 Blanco Street Series, a Texas limited liability company series ("Outlaw Blanco Series") as an obligor (attached hereto as **Exhibit J**). As part of the Blanco Final Agreement, the Debtor executed a promissory note (the "Blanco Promissory Note," and collectively with the Duval Promissory Note, the "Promissory Notes") in the original principal amount of $866,250 payable to CNB. The Blanco Promissory Note was secured by Outlaw Blanco Series executing the Deed of Trust, Security Agreement and Financing Statement (the "Blanco Collateral Agreement") dated September 18, 2024, and an Assignment of Leases and Rents dated September 18, 2024 (the "Blanco Assignment," and collectively with the Blanco Final Agreement, the Blanco Promissory Note, and the Blanco Collateral Agreement, the "Blanco Loan Documents") encumbering the single family residence house located at 1011 Blanco Street, Austin, Texas 78703 (the "Blanco Property," and collectively with the Duval Property, the "Property").³ Pursuant to the applicable provisions of the Blanco Loan Documents, CNB possesses valid, enforceable, first-priority liens and security interests in the Debtor's assets, including, but not limited to: the Blanco Property, its fixtures and improvements, all rents, revenues, and other income of the Blanco Property or its improvements, whether acquired now or in the future (the "Blanco Collateral," and collectively with the Duval Collateral, the "Collateral").

9. As of the date hereof, the Debtor is obligated to CNB pursuant to the Promissory Notes in the approximate amount of $8 million. *See* Cardinal Decl, ¶ 6. As part of the Blanco Collateral Agreement, the Debtor and the Outlaw Blanco Series agreed that if there was a default in the payment of principal or interest on the Blanco Promissory Note or any other note executed by Outlaw Blanco Series or the Debtor that was held by CNB (such as the Duval Promissory Note),

---

³ A copy of the Blanco Promissory Note, Blanco Collateral Agreement and the Blanco Assignment are attached hereto as **Exhibit K**, **Exhibit L**, and **Exhibit M** respectively.

then CNB may exercise any and all rights it may have with respect to the liens and security interests securing the Promissory Notes. *See* Exh. L.

10. However, the Blanco Property was not listed in the Debtor's schedules as an asset. *See* Dkt. 16 Schedule A/B and D. Rather, the Blanco Property appears to be held by the non-debtor entity, Outlaw Blanco Series, and outside of the scope of the automatic stay. However, out of an abundance of caution, CNB also requests that this Court grant relief from the automatic stay to exercise any and all rights CNB may have with respect to the Blanco Property.

## IV. ARGUMENT AND AUTHORITIES

11. The Debtor has had the opportunity to repair, develop, and rent the Duval Property since completion of the student housing complex in or around September 2024. *See* Cardinal Decl, ¶ 6. In that time, as of the Petition Date, only three out of the twenty available units are occupied, the Debtor continues to default on its payment obligations to CNB, and the Debtor failed to maintain builder's risk insurance for the Duval Property forcing CNB to secure force-place insurance to protect its collateral for virtually a year. As with many property developers, the Debtor is not now going to do in the next six months what it has failed to do in the last six months. The Property could be valuable pieces of student housing for students at the University of Texas. The Duval Property was designed and constructed so as to be marketed and leased by the bedroom, with the potential for 66 occupants. However, for the Property to reach its highest and best use, new management is required. Accordingly, for the reasons set forth below, CNB respectfully requests that the Court lift the automatic stay either for cause under section 362(d)(1) or because of the lack of equity and necessity of the Property under section 362(d)(2).

12. Filing of a bankruptcy petition operates as an automatic stay of, among other things, "the commencement or continuation, including the issuance or employment of process, of a

judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title … [and] any act … to exercise control over property of the estate ….” 11 U.S.C. § 362(a)(1), (3). However, the Bankruptcy Code also provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>     (A) the debtor does not have an equity in such property; and
>
>     (B) such property is not necessary to an effective reorganization….

11 U.S.C. § 362(d)(1)-(2). Under subsection (d), "(1) the [movant] has the burden of proof on the issue of the debtor's equity in property; and (2) the [Debtor] has the burden of proof on all other issues." 11 U.S.C. 362(g).

**A.**     **Cause exists to grant relief from the automatic stay because CNB is not adequately protected, the Property continues to diminish in value, and the Debtor failed to maintain builder's risk insurance on the Duval Property.**

13.     Here, cause exists because (i) CNB is not adequately protected,[4] (ii) the Debtor's actions continue to depreciate the value of the Duval Property, and (iii) the Debtor violated the Duval Loan Documents by its failure to maintain builder's risk insurance for the Duval Property. Many of the deficiencies with the Duval Property stem from the Debtor's unjustified interference with MDG. The Debtor did not permit MDG to complete its work, leaving construction unfinished

---

[4]     *See* 11 U.S.C. § 362(d)(1).

and resulting in a degenerating property that detracts from the cash flow to pay CNB's claim. *See* Exh. G.

        i.    <u>CNB's interest in the Property is not adequately protected</u>.

14. The only enumerated "cause" under section 362(d)(1) is a lack of adequate protection. 11 U.S.C. § 361(d)(1). The Bankruptcy Code defined adequate protection as either periodic cash payments, replacement liens, or providing a creditor the "indubitable equivalent" of its interest in the property. 11 U.S.C. § 361. "To establish a *prima facie* case of cause due to a lack of adequate protection, the creditor seeking relief must provide evidence that the value of the collateralized property is declining or is threatened to decline in value as a result of the automatic stay." *In re JCP Props., Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015); *see also Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274, 278 n.1 (5th Cir. 2010) (defining adequate protection as "relief sufficient to protect the creditor against diminution in the value of [its] collateral during the bankruptcy.")

15. The Debtor has not offered replacement liens. There is also no equity in the Property which would provide CNB with the indubitable equivalent of its prepetition secured position. The unpaid insurance premiums, unpaid taxes, and escalating state of disrepair continue to diminish the value of the Duval Property warranting relief from the automatic stay due to a lack of adequate protection. Thus, CNB respectfully requests that the Court find cause exists to grant relief from the automatic stay due to a lack of adequate protection of CNB's interest in the Property.

        ii.    <u>The Debtor's actions continue to devalue the Duval Property and left it exposed to casualty loss due to a lack of insurance for nearly a year</u>.

16. While the Bankruptcy Code explicitly includes a lack of adequate protection as grounds for relief from the automatic stay, cause under 11 U.S.C. § 362(d)(1) is not otherwise

defined. *In re Omni Lion's Run, L.P.*, 578 B.R. 394, 397 (Bankr. W.D. Tex. 2017). For this reason, courts must evaluate whether cause exists on a case-by-case basis. *Id*. In this case, cause also exists due to the Debtor's mismanagement of the Property depreciating the value. *In re Powers Aero Marine Servs., Inc.*, 42 B.R. 540, 546 (Bankr. S.D. Tex. 1984) ("For all the many instances of mismanagement…, cause exists for the lifting of the automatic stay."); *see also In re Machado*, 2022 WL 257396, at *3–4 (Bankr. W.D. Tex. Jan. 27, 2022) (finding that cause existed to lift the stay in part because Movants had force-placed insurance on the collateral).

17. Despite the Duval Property having twenty student housing units with the potential to lease up to 66 occupants, under the Debtor's management, only three units are occupied. *See* Dkt. 16 Schedule D. Pursuant to the Duval Loan Documents, CNB has a right to the rent and revenue generated at the Duval Property and is injured every day the Duval Property remains mismanaged through loss of revenue and depreciation of the Collateral.

18. Further, the Debtor failed to maintain builder's risk insurance on the Duval Property forcing CNB to add forced-place insurance to avoid the risk of total loss from March 27, 2024, until March 6, 2025. Under the circumstances, cause exists to lift the automatic stay.

**B.   There is no equity cushion in the Property and the Property is not necessary for an effective reorganization.**

19. Relief from the automatic stay is also warranted under § 362(d)(2) as the Debtor lacks equity in the property and the property is not necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2). The Debtor owes CNB roughly $7 million under the Duval Promissory Note, but the Duval Property is tax assessed at only $1.36 million.[5] Courts have held that the

---

[5]   *See* Dkt. 16 Schedule A/B.

Debtor lacks equity where the encumbrance is larger than the value of the property. *See In re Pineda*, No. 09-13407, 2010 WL 569547, at *4 (Bankr. W.D. Tex. Feb. 11, 20210).

20. Under section 362(d)(2), the Debtor lacks equity in the Property despite a potentially solvent guarantor of the Debtor's obligations. In connection with the Duval Loan Documents, Debbie Joan Outlaw and Malcolm N. Outlaw III, ("Mr. Outlaw") executed a Guaranty Agreement guaranteeing payment of the Duval Promissory Note (the "Duval Guaranty"). Mr. Outlaw has informed CNB of his willingness to pay monthly debt service under the Duval Guaranty, however, that does not solve the Debtor's lack of equity in the Duval Property, the Duval Property's lack of ability to service the debt, or the other issues identified in this Motion. *See McManus v. Cadle co. (In re McManus)*, 30 F.3d 1491 (5th Cir. 1994) (holding that an inquiry pursuant to section 362(d)(2) depends only on the relative value of the property and the debt it secures). The court in determining equity is restricted to considering property of the debtor and not property owned by a different party, leaving CNB under secured by over $5 million and the Debtor without equity in the Duval Property. *Id.*

21. Moreover, the Property is not necessary for an effective reorganization. Whether a property is necessary to effective reorganization is a fact-intensive question that requires the court to examine the circumstances surrounding each debtor. *See In re Omni Lion's Run, L.P.*, 578 B.R. 394, 400 (Bankr. W.D. Tex. 2017). A debtor must show that the property is needed for a potential reorganization and that the reorganization is reasonably within reach. *Id*. Under the Debtor's management, only three of the twenty units are occupied, providing minimal revenue that likely does not outweigh the Duval Property's costs. *See In re Pineda,* No. 09-13407, 2010 WL 569547, at *4 (highlighting the lack of payments to the Internal Revenue Services as evidence the property is not necessary). As of the Petition Date, the Debtor has failed to pay taxes owed on the Duval

Property. *See* Dkt. 16 Schedule D (disclosing a tax claim on the Property for over $69,000). Even if the Debtor were able to fill the other seventeen units, CNB is still under secured by over $5 million. *See* Dkt. 16 Schedule D. Further, the Debtor's litigious actions towards contractors and failure to maintain insurance make it clear that any efforts to reorganize under the Debtor's management would be futile. As for the Blanco Property, the Debtor appears to have no equity in the Blanco Property and did not list the property as an asset. *See id.* Under these circumstances, relief from the automatic stay is warranted as the Debtor has no equity in the Property and the Property has no value to the estate.

### V.   **REQUEST FOR ADEQUATE PROTECTION**

22. To the extent the Debtor continues to manage the Property, CNB hereby requests adequate protection under 11 U.S.C. § 363(e).

### VI.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, CNB requests that the Court enter an order (i) granting this Motion, (ii) (a) lifting the automatic stay with respect to the Property and permitting CNB to exercise any and all rights it may have with respect to the Collateral or, in the alternative, (b) requiring the Debtor to provide adequate protection to CNB; and (iii) providing CNB such other and further relief to which it is entitled at law or in equity.

RESPECTFULLY SUBMITTED this 28th day of March, 2025.

**MUNSCH HARDT KOPF & HARR P.C.**

/s/ *Davor Rukavina*

Davor Rukavina
Texas Bar No. 24030781
500 N. Akard St., Suite 4000
Dallas, TX 75201
214-855-7500
drukavina@munsch.com

**COUNSEL FOR COMMERCIAL NATIONAL BANK OF BRADY**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with Frank B. Lyon, proposed counsel for the Debtor, via email on the 28th day of March, 2025, and that no agreement on the Motion was reached.

/s/ *Davor Rukavina*
Davor Rukavina

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 28th day of March, 2025, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, and that true and correct copies of this document were served via U.S. first class mail, postage prepaid, on the Debtor, and on the parties listed in **Exhibit 1** to this Certificate of Service.

                                                   /s/ *Davor Rukavina*
                                                   Davor Rukavina

**Exhibit 1**
**Certificate of Service**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 25-10167-smr<br>Western District of Texas<br>Austin<br>Fri Mar 28 11:04:30 CDT 2025 | Debbie Outlaw Properties, LLC<br>16105 Chateau Avenue<br>Austin, TX 78734-2631 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| 400 E 30th Street HOA<br>c/o Property Management of Texas<br>704 W. 24th Street<br>Austin, TX 78705-4708 | A+ Federal Credit Union<br>6420 E 290 SVRD<br>Austin, TX 78723 | A+ Federal Credit Union<br>Attention: Bankruptcy<br>PO Box 14867<br>Austin, TX 78761-4867 |
| Alfredo Topete Duenas<br>c/o Karalynn C. Cromeens<br>1345 Campbell Road Suite 200<br>Houston, TX 77055-6482 | Alfredo Topete Duenas dba Eagle Plastering T<br>1345 Campbell Road<br>Suite 200<br>Houston, TX 77055-6482 | Andrew Bassford<br>c/o Brian McGiverin<br>2028 E. Ben White Blvd. Ste 240 PMB 5960<br>Austin, TX 78741-6931 |
| Austin Development Service Department<br>6310 Wihelmina Delco Drive<br>Austin, TX 78752 | Ava McPartlin<br>2604 Salado Street 102<br>Austin, TX 78705-3939 | Blake Molthan<br>c/o C. Kyle Pugh, P.C.<br>4015 Main Street Suite 100<br>Dallas, TX 75226-1231 |
| Campbell King<br>c/o C. Kyle Pugh, P.C.<br>4015 Main Street Suite 100<br>Dallas, TX 75226-1231 | Cater Joseph Homes, LLC<br>913 W 29th St<br>Austin, TX 78705-3534 | (p)CITY OF AUSTIN   AUSTIN ENERGY<br>ATTN COLLECTIONS DEPARTMENT<br>4815 MUELLER BLVD<br>AUSTIN TX 78723-3573 |
| Commercial National Bank<br>PO Box 591<br>Brady, TX 76825-0591 | Commercial National Bank<br>c/o Davor Rukavina<br>Munsch Hardt Kopf & Harr, P.C.<br>500 N. Akard St., Suite 4000<br>Dallas, TX 75201-6605 | Frost Bank<br>PO Box 34746<br>San Antonio, TX 78265-4746 |
| Frost Bank<br>c/o Robert L. Barrows<br>Langley & Banack, Inc.<br>745 E. Mulberry, Suite 700<br>San Antonio, Texas 78212-3172 | GT Lumber & Supply, LLC<br>9400 Brown Ln<br>Austin, TX 78754-4012 | Impact Fire Services, LLC<br>1 Chisholm Trail Road Suite 330<br>Round Rock, TX 78681-5094 |
| JJ's Fence and Gate Opener LLC<br>537 Tumlinson Fort Way<br>Lockhart, TX 78644 | James Hicks<br>515 Congress Avenue Suite 1620<br>Austin, TX 78701-3576 | Joseph Companies<br>913 W 29th Street<br>Austin, TX 78705-3534 |
| Kai Stark<br>c/o C. Kyle Pugh P.C.<br>4015 Main Street Suite 100<br>Dallas, TX 75226-1231 | Law Office of Russell Frost, PLLC<br>c/o Russell Frost<br>711 W 7th St<br>Austin, TX 78701-2711 | Luke Wexler<br>c/o C. Kyle Pugh P.C.<br>4015 Main Street Suite 1000<br>Dallas, TX 75226-1231 |
| MDG Construction LLC<br>c/o James Hicks<br>Griffith Davison, PC<br>515 Congress Ste. 1620<br>Austin, Texas 78701-3576 | MDG Construction, LLC<br>c/o James Hicks and Scott Griffith<br>515 Congress Avenue Suite 1620<br>Austin, TX 78701-3576 | Mike McHone<br>PO Box Box 301201<br>Austin, TX 78703-0021 |

| | | |
|---|---|---|
| Patrick T. Mulry<br>7160 Dallas Pkwy Suite 625<br>Plano, TX 75024-4228 | Prosperity Bank<br>PO Box 4<br>El Campo, TX 77437-0004 | Prosperity Bank<br>c/o Lisa C. Fancher<br>Fritz Byrne, PLLC<br>402 West Seventh St.<br>Austin, TX 78701-2808 |
| Quality Flooring LLC<br>1306 Dominique Drive<br>Austin, TX 78753-6836 | Sarah J. Shoulton<br>1345 Campbell Road<br>Suite 200<br>Houston, TX 77055-6482 | Scott Griffith<br>515 Congress Avenue Suite 1620<br>Austin, TX 78701-3576 |
| Sunbelt Rentals, Inc.<br>1275 West Mound Street<br>Columbus, OH 43223-2213 | Sunwest Industries, Inc.<br>PO Box 80910<br>Midland, TX 79708-0910 | Taylor Dahlgren<br>814 Reinicke Street<br>Houston, TX 77007-5172 |
| Travis County Tax office<br>PO Box 149328<br>Austin, TX 78714-9328 | Travis County c/o Jason A. Starks<br>PO Box 1748<br>Austin, Texas 78767-1748 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| Western Pacific Materials, Inc.<br>7607 Bluff Point Drive<br>Houston, TX 77086-1765 | Yen Thi Do and Viraj Mahendra Joshi<br>2500 Longview Street 301<br>Austin, TX 78705-4292 | Frank B. Lyon<br>Frank B. Lyon, Attorney<br>PO Box 50210<br>Austin, TX 78763-0210 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Austin
PO Box 2267
Austin, TX 78768-2267

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)400 E 30th Street HOA.<br>c/o Property Management of Texas<br>704 W. 24th Street<br>Austin, TX 78705-4708 | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients     1<br>Total                  45 |