IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-10167-smr |
| DEBBIE OUTLAW PROPERTIES, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## COMMERCIAL NATIONAL BANK OF BRADY'S OBJECTION TO APPLICATION OF DEBTOR-IN-POSSESSION FOR APPROVAL OF EMPLOYMENT OF REAL ESTATE AGENT AND BROKER

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Commercial National Bank of Brady ("CNB"), a creditor and party-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case") of Debbie Outlaw Properties, LLC (the "Debtor"), and files this its Objection (the "Objection") to the *Application of Debtor-in-Possession for Approval of Employment of Real Estate Agent and Broker* [Dkt. No. 78] (the "Application"), respectfully stating as follows:

### I.  PROCEDURAL BACKGROUND

1. On February 5, 2025 (the "Petition Date"), Debbie Outlaw Properties, LLC filed a voluntary petition commencing a bankruptcy case under chapter 11 of the United States Code (the "Bankruptcy Code").

### II.  FACTUAL BACKGROUND

2. The Debtor owns a 66 bed 66 bath student housing complex, located at 3000 Duval Street, Austin, Texas 78705 (the "Duval Property"). Prior to the Petition Date, on May 19, 2022, the Debtor executed a promissory note (as amended or modified, the "Duval Promissory Note") in the original principal amount of $7.1 million payable to CNB. In connection with the Duval Promissory Note, the Debtor executed a Deed of Trust, Security Agreement and Financing

Statement dated May 19, 2022, and an Assignment of Leases and Rents dated May 19, 2022 encumbering the Duval Property.[1] Pursuant to the applicable provisions, CNB possesses valid, enforceable, first-priority liens and security interests in the Debtor's assets, including, but not limited to: the Duval Property, its fixtures and improvements, all rents, revenues, and other income of the Duval Property or its improvements, whether acquired now or in the future (the "Duval Collateral").

3. By the Application, the Debtor seeks authority to employ Tony B. Lazarov and REspace LLC (the "Broker"), to lease the Debtor's residential rental properties near the campus of the University of Texas at Austin, including the Duval Property.

### III. OBJECTION TO APPLICATION

4. "[C]ash collateral means cash, … deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property..." 11. U.S.C. § 363(a). CNB has a secured interest in the rent of Duval Property. Therefore, all rents collected from the Duval Property are cash collateral. *In re Tripplet*, 84 B.R. 84, 89 (Bankr. W.D. Tex. 1988).

5. Section 363 prohibits use of cash collateral by a debtor unless it has obtained the consent of creditors with an interest in the cash collateral, or "the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Upon request of a creditor with an interest in property to be used by the debtor, "the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

---

[1] A detailed explanation of CNB's loan documents is set forth in the *Motion of Commercial National Bank of Brady for Relief from the Automatic Stay and Request for Adequate Protection* [Dkt. No. 31], filed March 28, 2025 and incorporated by reference as if fully set forth herein.

6. CNB objects to the Application and requests that the Court deny the same. CNB does not object to the asserted "disinterestedness" of the Broker, or to the Broker's qualifications. Rather, CNB objects to the terms of the proposed retention as set forth in the *Residential Real Estate Listing Agreement Exclusive Right to Lease* (the "Agreement"), as attached to the Application as Exhibit 1. Under the Agreement, the Broker would be paid 75% of one full month's rent of each lease of the properties. All rent collected from leases at the Duval Property is subject to CNB's security interest ("CNB's Cash Collateral"). CNB has not consented to the Debtor's use of CNB's Cash Collateral, nor has the Debtor sought permission from the Court to use CNB's Cash Collateral. Any use of CNB's Cash Collateral would therefore be in violation of Section 363.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, CNB requests that the Court enter an order (i) denying the Application to the extent the Application seeks to use the rent of the Duval Property or cash collateral to pay the Broker without a proper cash collateral motion with proper adequate protection being filed, and (ii) granting CNB such other and further relief as may be just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

RESPECTFULLY SUBMITTED this 16th day of June, 2025.

**MUNSCH HARDT KOPF & HARR P.C.**

/s/ *Kyle Jaksa*
Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
500 N. Akard St., Suite 4000
Dallas, TX 75201
214-855-7500
drukavina@munsch.com
kjaksa@munsch.com

**COUNSEL FOR COMMERCIAL NATIONAL BANK OF BRADY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of June, 2025, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, and that true and correct copies of this document were served via U.S. first class mail, postage prepaid, on the Debtor, and on the parties listed in **Exhibit 1** to this Certificate of Service.

/s/ *Kyle Jaksa*
J. Kyle Jaksa